UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH JAY LUZIER, III,

    Plaintiff,

v.                                                                  CASE NO. 6:06-cv-444-Orl-19JGG

JONATHAN F. BULL, P.A.,

    Defendant.

_____

**ORDER OF DISMISSAL**

Plaintiff, a Florida prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint (Doc. No. 1, filed April 6, 2006) pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation.  *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F. Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has sued Jonathan F. Bull, an attorney who represents Plaintiff in his state criminal proceedings. Plaintiff alleges that his federal constitutional rights have been violated because he has received ineffective assistance of counsel in his state criminal proceedings. Specifically, Plaintiff argues that Mr. Bull badgered and forced him to enter a guilty plea in the criminal proceedings. Plaintiff seeks the return of the monies he paid to Mr. Bull.[2]

In any § 1983 action, the initial inquiry must focus on whether the two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

---

[2] According to Plaintiff, on March 14, 2006, the state trial court conducted a hearing on his motion to withdraw his plea. Plaintiff was represented by Mr. Bull at the hearing, and the motion was denied. On March 16, 2006, Plaintiff filed a motion to dismiss Mr. Bull as counsel based upon ineffective assistance of counsel. As of the date of the filing of the instant complaint, the motion had not been resolved by the state trial court.

    2.    whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th Cir. 1989).

There is no allegation that Defendant is a state actor, within the meaning of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 319 (1981). In *Polk County,* the United States Supreme Court determined that a county public defender, acting as counsel in a criminal case, does not act under color of state law for § 1983 purposes. *Id.* at 325. "Because 42 U.S.C. § 1983 requires that the actions which constitute a deprivation of constitutional rights be performed by a person "acting under color of state law," private individuals cannot normally be held liable under § 1983 for their conduct." *Malloy v. Coleman*, 961 F. Supp. 1568, 1572 (M.D. Fla. 1997) (granting motion to dismiss claim against criminal defense attorney); *see also Medina v. Minerva,* 907 F. Supp. 379, 383 (M.D. Fla. 1995) (citing *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972) (section 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys) and *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (alleged malpractice-type actions or omissions by a court-appointed volunteer attorney in relation to a criminal trial were not under color of state law and thus could not serve as a basis for a section 1983 action against the attorney – affirming the district court's denial of leave to file complaint *in forma pauperis*, since it failed to state a claim as a matter of law). Since Defendant was not a state

actor, Plaintiff has not satisfied the first element of the § 1983 analysis, and this case must be dismissed for failure to state a claim.[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 3, filed April 6, 2006) is **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this __11th__ day of April, 2006.

*(signature)*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 4/11
Joseph Jay Luzier, III

---

[3] Furthermore, absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). To the extent that Plaintiff seeks to have this Court interfere in his pending state criminal proceedings, he has not demonstrated special circumstances warranting such an intrusion by this Court. *See Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised), *cert. denied*, 543 U.S. 1051 (2005).